IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 25-cv-01190-NYW

RYAN LOWMASTER,

    Applicant,

v.

JONES,

    Respondent.

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

    Applicant, Ryan Lowmaster ("Mr. Lowmaster"), filed pro se an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application"). [Doc. 1, filed April 14, 2025].[1] Mr. Lowmaster claims Respondent Jones ("Respondent") has failed to properly calculate and apply time credits to which he is entitled under the First Step Act ("FSA"). [*Id.*]. Because Mr. Lowmaster proceeds pro se, the Court construes his Application and other papers filed by Mr. Lowmaster liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot and does not act as his advocate, *Hall*, 935 F.2d at 1110, and applies the same procedural rules and substantive law to Mr. Lowmaster as to a represented party, *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir.

---

[1] Where the Court refers to the filings made in the Electronic Case Files ("ECF") system in this action, it uses the convention [Doc. ___]. When the Court refers to the ECF docket number for a different action, it uses the convention [Dkt. No. ___]. In either case, the Court identifies the page number as assigned by the ECF system.

2008).  After reviewing the record, the Court respectfully concludes that Mr. Lowmaster is not entitled to the relief he requests in the Application.

## BACKGROUND

Mr. Lowmaster is incarcerated in the custody of the Federal Bureau of Prisons ("BOP").  [Doc. 1 at 1].  In the Application, Mr. Lowmaster alleges that Respondent is misclassifying his security clarification/recidivism risk score by labeling his § 922(g) conviction as a violent offense in the FSA Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN").  [*Id.* at 2].  Because of Respondent's alleged error, Mr. Lowmaster argues that it is "dramatically" harder "if not impossible" for him to reach a low recidivism score.  [*Id.*].  Because Mr. Lowmaster is not classified with a low recidivism score, Mr. Lowmaster has not been able to earn as many FSA time credits, and he has been unable to have his FSA time credits applied to his sentence.  [*Id.* at 4].  In the Application, Mr. Lowmaster requests that his PATTERN score reflect that he was convicted of a non-violent crime.  [*Id.*].  Mr. Lowmaster also requests that his FSA time credits be recalculated as a low recidivism inmate as of October 17, 2023.  [*Id.*].

On May 14, 2025, Respondent was ordered to show cause as to why the Court should not grant the Application.  [Doc. 11].  On May 29, 2025, Respondent filed a Response to the Court's Order to Show Cause ("Response").  [Doc. 16].  First, Respondent argues that the Application should not be granted because Mr. Lowmaster does not have a liberty interest in the application of FSA time credits.  [*Id.* at 5].  Second, Respondent argues that, even if Mr. Lowmaster has a liberty interest in FSA time credits, his recidivism score does not entitle him to have such credits applied to his sentence.  [*Id.* at 8].  Despite requesting and receiving an extension of time to file a reply, Mr.

2

Lowmaster did not file a reply to the Response.  *See* [Doc. 18; Doc. 19].

## LEGAL STANDARDS

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Thus, an application for a writ of habeas corpus "challenges the fact or duration of . . . confinement and seeks immediate release or a shortened period of confinement."  *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

The FSA provides, in relevant part, that an eligible prisoner "who successfully completes evidence-based recidivism reduction [("EBRR")] programming or productive activities, shall earn time credits" that "shall be applied toward time in prerelease custody or supervised release."  18 U.S.C. § 3632(d)(4)(A), (C).  To administer time credits under the FSA, the BOP must (1) determine each inmate's risk of recidivism and categorize the risk as minimum, low, medium, or high; (2) assess and determine each inmate's risk of violent or serious misconduct; (3) determine the type and amount of EBRR programming that is appropriate for each inmate; (4) periodically reassess each inmate's risk of recidivism; (5) reassign the inmate to appropriate EBRR programs and productive activities ("PAs") based on the reassessment; (6) determine when to provide incentives and rewards for successful participation in EBRR programs and PAs; and (7) determine when the inmate is ready for transfer to pre-release custody or supervised release.  *See id.* § 3632(a)(1)–(7).

An eligible inmate "shall earn 10 days of time credits for every 30 days of successful participation in [EBBR] programs or [PAs]."  *Id.* § 3632(d)(4)(A)(i).  An inmate

3

"shall earn an additional 5 days of time credits for every 30 days of successful participation in [EBRR] programming or [PAs]" if the BOP determines the inmate is "at a minimum or low risk for recidivating" and "has not increased their risk of recidivism" over "[two] consecutive assessments."  *Id.* § 3632(d)(4)(A)(ii).

In order for an inmate to have the FSA time credits he has earned applied to his sentence, the prisoner must meet several criteria.  *Id.* § 3624(g).  Among other things, the inmate must have "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or ha[ve] maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment."  *Id.* § 3624(g)(1)(B).  The BOP uses the PATTERN to categorize each inmate's risk of recidivism, and inmates with high or medium PATTERN scores also may petition the warden to have their time credits applied.  *See id.* § 3624(g)(1)(D)(i)(II).  Such a petition must show (1) the inmate would not be a danger to society if transferred to prerelease custody or supervised release; (2) the inmate has made a good faith effort to lower their recidivism risk level; and (3) the inmate is unlikely to recidivate.  *See id.*

## ANALYSIS

Respondent argues that Mr. Lowmaster is not entitled to habeas relief because he does not have a liberty interest in FSA time credits.  [Doc. 16 at 5].  The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted.  *See Sandin v. Conner*, 515 U.S. 472, 480 (1995).  A prisoner is not entitled to any procedural protections in the absence of a grievous loss.  *See Morrissey v. Brewer*, 408 U.S. 471,

4

481 (1972).

Generally, a liberty interest protected by due process may arise under the United States Constitution itself or from an expectation created by statute or prison policies. *See Sandin*, 515 U.S. at 483–84; *Rezaq v. Nalley*, 677 F.3d 1001, 1011 (10th Cir. 2012). But "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Therefore, if Mr. Lowmaster has a constitutionally protected liberty interest in earning and applying time credits under the FSA, that liberty interest must arise from the FSA or BOP policy.

For a statute or BOP policy to give rise to a constitutionally protected liberty interest, the statute or policy must provide "a present and legally recognized substantive entitlement." *Kerry v. Din*, 576 U.S. 86, 98 (2015) (plurality opinion); *see also Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."). Thus, for example, federal prisoners have a protected liberty interest in good conduct time credits awarded that apply "toward the service of the prisoner's sentence." 18 U.S.C. § 3624(b)(1); *see Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (noting in a habeas corpus case challenging prison disciplinary proceedings that "[i]t is well settled" that a federal prisoner has a protected liberty interest in his earned good time credits (quotation omitted)).

The Court is not persuaded that either the FSA or BOP policy give rise to a constitutionally protected liberty interest in FSA time credits. First, the mere opportunity to earn time credits under the FSA that may or may not ever be applied does not establish

5

a legitimate claim of entitlement. *See Sedlacek v. Rardin*, No. 24-1254, 2025 WL 948485, at *1 (6th Cir. Jan. 21, 2025) (rejecting constitutional due process claim because "[c]ourts have routinely held that a federal prisoner does not have a liberty interest in receiving credits under the FSA"); *McDonald v. Ciolli*, No. 23-cv-03211-NYW, [Dkt. No. 17 at 9] (D. Colo. Nov. 6, 2024) (finding that a federal prisoner "does not have a liberty interest in earning FSA credits to potentially reduce time spent in prerelease custody or supervised release"); *Johns v. Ciolli*, No. 23-cv-02597-DDD, [Dkt. No. 27 at 6] (D. Colo. Feb. 16, 2024) ("The [c]ourt is not persuaded that either the FSA or BOP policy give rise to a constitutionally protected liberty interest."); *Tovar v. Williams*, No. 25-cv-00362-NYW, 2025 WL 1918127, at *5 (D. Colo. July 11, 2025) (holding that an applicant's claims challenging the revocation of his FSA time credits must be dismissed because success on the claims would not have necessarily reduced the length of his confinement); *Haynes v. Williams*, No. 23-cv-01348-SPM, 2023 WL 7553849, at *3 (S.D. Ill. Nov. 14, 2023) (concluding the petitioner did not have a constitutionally protected liberty interest that was cognizable in a § 2241 petition because "[t]he FSA only establishes that prisoners can earn [time] credits; it does not establish that [time] credits are statutorily *required*"); *Fiorito v. Fikes*, No. 22-cv-00749-PJS-TNL, 2022 WL 16699472, at *6 (D. Minn. Nov. 3, 2022) (finding that "the opportunity to earn [FSA time credits] is not a protected liberty interest"), *aff'd*, No. 23-1008, 2023 WL 4841966 (8th Cir. July 28, 2023); *Bloom v. Fed. Bureau of Prisons*, No. 19-cv-21589-KMW-SAK, 2022 WL 341200, at *2 (D.N.J. Feb. 4, 2022) (finding that prisoners do not have a protected liberty interest in the opportunity to earn FSA time credits).

In addition, earned FSA time credits are not akin to good conduct time credits

under § 3624(b) that apply "toward the service of the prisoner's sentence." Instead, FSA time credits "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). Because pre-release custody is still custody, FSA time credits do not necessarily reduce the length of time a federal prisoner is in custody. *See Fiorito*, 2022 WL 16699472, at *5 (distinguishing between good conduct time credits that "entitle a prisoner to a reduction in his sentence, period," and FSA time credits that do not necessarily reduce the duration of the prisoner's confinement); *see also Gant v. King*, No. 23-cv-01766-NEB-ECW, 2023 WL 6910771, at *3 (D. Minn. Oct. 19, 2023) (prisoner's "claim that [s]ection 3632(d)(4) requires that his FSA time credits apply toward his prerelease custody addresses the place of his detention, and "a prisoner has no liberty interest in being assigned to a particular place of confinement").

Finally, application of time credits earned under the FSA is not automatic. To obtain release, the inmate must have earned credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; the inmate must have "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or ha[ve] maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment"; and the inmate must have "had the remainder of [his] imposed term of imprisonment computed under applicable law." 18 U.S.C. § 3624(g)(1)(A)–(C); *see also* 28 C.F.R. § 523.44. Thus, FSA time credits may never be applied if the conditions are not met. *See Fiorito*, 2022 WL 16699472, at *5 ("[A]pplication of [FSA time credits] is contingent on maintaining a minimal or low risk of recidivism as assessed by the BOP or, alternatively, on receiving an exception to that requirement from the warden of the facility where the prisoner is detained." (footnote omitted)).

Here, the record before the Court establishes that Mr. Lowmaster is eligible to earn FSA time credits, and that he has indeed earned 180 days of FSA time credits.  *See* [Doc. 16-1 at ¶ 5].  However, Mr. Lowmaster fails to demonstrate a legitimate claim of entitlement to any additional credits or to have the credits already earned applied to shorten his confinement.  Therefore, Mr. Lowmaster fails to demonstrate that his constitutional right to due process has been violated.  Respectfully, Mr. Lowmaster is not entitled to the relief he requests in the Application.

## CONCLUSION

For the reasons discussed in this order, Mr. Lowmaster is not entitled to relief in this action.  Accordingly, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DENIED**;

(2) This case is **DISMISSED with prejudice** and the Clerk of the Court is **DIRECTED to TERMINATE** this case; and

(3) A copy of this Order shall be sent to:

Ryan Lowmaster
#24595-031
Florence Federal Correctional Institution
Inmate Mail/Parcels
PO Box 6000
Florence, CO 81226

DATED:  August 13, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge